# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

GREGORY VIOLA,

        Plaintiff,

v.

VANESSA BRYANT,

        Defendant.

3:17-cv-00853 (CSH)

**JUNE 21, 2017**

## INITIAL REVIEW ORDER

**Haight, Senior District Judge:**

Plaintiff, Gregory Viola, currently incarcerated at the Devens Federal Medical Center in Ayer, Massachusetts, filed this complaint *pro se* pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which permits suits against federal employees for violations of federal constitutional rights. Viola is challenging his sentence on certain federal criminal charges from 2012. He also complains about the denial of his subsequent habeas petition by the Honorable Vanessa Bryant, United States District Judge, who had also imposed Viola's sentence. Judge Bryant is the only Defendant in Viola's complaint.

## I. STANDARD OF REVIEW

Under section 1915A of title 28 of the United States Code, the Court must review all prisoner civil complaints against governmental actors, and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1),(2). In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret

them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established and worth repeating that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. FACTUAL ALLEGATIONS

The factual allegations contained in Viola's complaint are recounted herein, recited in the light most favorable to Viola.

Viola entered a guilty plea to federal charges of wire fraud. Doc. 1 ¶ 1. On October 4, 2012, Judge Bryant sentenced him without taking into consideration his acceptance of responsibility for the crimes as proscribed by the United States Sentencing Guidelines. *Id.* ¶¶ 1-2.[1] While preparing a habeas corpus petition pursuant to 28 U.S.C. § 2255, Viola discovered evidence allegedly showing that Judge Bryant was biased against him. *Id.* ¶ 3. The evidence is attached to his complaint as Exhibit A. *Id.* ¶ 4.

Exhibit A is a copy of an affidavit from an inmate who had been incarcerated with Plaintiff's

---

[1] The Second Circuit affirmed this sentence in *United States v. Viola*, 555 F. App'x 57 (2d Cir. 2014) (summary order). The Supreme Court subsequently denied certiorari. *Viola v. United States*, No. 13-10574 (2014).

criminal attorney, James Pickerstein. *Id.* ¶¶ 3-4. The affidavit recounts conversations between the inmate and Pickerstein. *See* Ex. A. In those conversations, Pickerstein claims to have been upset with his former client, Viola, for a variety of reasons, deliberately set out to "screw[] him," and to have had a relationship with "Vanessa"(referring to Judge Bryant by her first name) whereby she would protect him and Viola would never be able to establish an ineffective assistance of counsel claim or win his appeal. *Id.* at 2-3; Doc. 1 ¶ 4.

Viola alleges that the affidavit also "makes clear" that Pickerstein promised Viola that Judge Bryant would sentence him to 24 months just to get rid of Viola because he was a "nightmare client." Doc. 1 ¶ 5. Viola alleges that the affidavit shows Pickerstein intended Viola to receive a long criminal sentence in an effort to reduce his own potential criminal sentence. *Id.* Viola alleges that Judge Bryant has been in a conspiracy with Pickerstein to "frustrate every procedural attempt of the Plaintiff to prove this illegal conduct of [Judge Bryant] and James Pickerstein." *Id.* ¶ 6.

As evidence of this "conspiracy," Viola alleges that Judge Bryant denied a "Motion of Discovery" that Viola filed in order to "prove these allegations" on April 26, 2016. *Id.* ¶ 7.[2] According to Viola, Judge Bryant "showed her biasness [sic]" in the ruling by claiming that he had not held a job since the late 1990s and that he was a habitual gambler with huge losses. *Id.* Viola asserts that her actions show "plain biasness [sic] and slander." *Id.* Viola then filed a "Motion for Recusal," which Viola alleges Judge Bryant improperly denied because Judge Bryant is a fact witness to his case, and thus, her recusal was required. *Id.* ¶ 8.[3] On March 15, 2017, Viola's § 2255

---

[2] *See Viola v. United States*, No. 3:15-CV-01398, 2016 WL 1664756 (D. Conn. April 26, 2016).

[3] *See Viola v. United States*, No. 3:15-CV-01398 (D. Conn. March 15, 2017) (Doc. No. 39 filed Sept. 1, 2016).

habeas corpus petition was dismissed by Judge Bryant, "without any legal precedent" according to Plaintiff. *Id.* ¶ 9.[4]

Viola alleges that Judge Bryant's conduct shows "a clear pattern and abuse of conduct" in order to harm Viola because of her "outside relationship with James Pickerstein." Doc. 1 ¶ 10. He believes that Judge Bryant tried to frustrate and prevent his exoneration in a court of law. *Id.* Viola claims that Judge Bryant's behavior violated his constitutionally protected civil rights. *Id.* Viola seeks the costs of this lawsuit, attorney's fees and all other relief that the Court feels is just and proper. *Id.* at 3.

**III.   DISCUSSION**

Viola brings claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is analogous to an action under 42 U.S.C. § 1983 except that § 1983 applies to state actors, rather than federal actors. *See Mahoney v. Nat'l Org. for Women*, 681 F. Supp. 129, 132 (D. Conn. 1987). Analysis of *Bivens* claims therefore parallel the analysis used to evaluate state prisoners' § 1983 claims. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("Because the two actions share the same 'practicalities of litigation', federal courts have typically incorporated § 1983 law into *Bivens* actions." (collecting cases) (citation omitted)). To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney*, 681 F. Supp. at 132 (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978)).

---

[4] *See Viola v. United States*, No. 3:15-CV-01398 (D. Conn. March 15, 2017) (Doc. No. 49 filed March 15, 2017). Viola reports the date incorrectly in his complaint as March 14, 2017.

As required by § 1915A, the Court must dismiss any portion of Viola's Complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1),(2). Viola clearly seeks relief from someone who is immune from such relief and fails to state any claims to which he is entitled to relief. Thus, Viola's complaint is "frivolous" as a matter of law, and must be dismissed in full.

A.     **Immunity**

It is well established that judges are immune from suits that assert individual capacity claims and seek damages for acts taken in exercise of the judges' judicial authority.[5] *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 347 (1872) ("The principle … which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any wellordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that

---

[5] It is unclear what relief Viola seeks and he has not specifically pled a claim for money damages. The Court will assume that is the only relief that he seeks. Viola's criminal case is no longer pending in front of Judge Bryant, and he only pleads claims against her related to that specific case. In any event, were injunctive relief what Viola seeks, such claims are precluded by the Federal Courts Improvement Act of 1996 ("FCIA"), which extends judicial immunity to most actions seeking prospective injunctive relief. *See Rodriguez v. Trager*, No. 10-CV-0781, 2010 WL 889545, at *2 (E.D.N.Y. March 8, 2010). District courts in the Second Circuit have held that the limitations in § 309(c) of the FCIA apply to *Bivens* actions. *Id.* (collecting cases). Pursuant to the FCIA in actions brought against a judicial officer for acts taken in their judicial capacity, "'injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Id.* (quoting Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) and citing *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005)). There are no conceivable allegations that a declaratory decree was violated or that declaratory relief was unavailable in Viola's pleadings. Thus, were injunctive relief what Viola seeks (and the Court does not believe he does so), he would not be entitled to it.

we are aware of, in the courts of this country."); *see also McCulley v. Chatigny*, 390 F. Supp. 2d 126, 130 (D. Conn. 2005) ("Federal judges are also absolutely immune from individual capacity claims for damages when those claims arise out of the conduct of their official judicial duties." (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 234 (D. Conn. 2010) ("Judges are immune from suit for exercising their judicial authority." (citing *Bradley*, 80 U.S. (13 Wall) at 347)).

This judicial immunity cannot be overcome by allegations of bad faith, malice or conspiracy. *Bradley*, 80 U.S. (13 Wall) at 347 ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed."); *Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987) ("[A]n allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity." (collecting cases)). The Supreme Court has made clear that judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (quoting *Bradley*, 80 U.S. (13 Wall) at 351)).[6]

The only circumstances under which a judge is not immune from such suits is when the judge takes a non-judicial action, i.e., an action not within her judicial capacity, *Forrester v. White*, 484 U.S. 219, 227-29 (1988); or when the action is taken in the complete absence of all jurisdiction,

---

[6] In the analogous context of § 1983 actions, the Supreme Court has consistently applied the doctrine of absolute judicial immunity. *See, e.g., Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." (citations and internal quotation marks omitted)).

6

*Stump*, 435 U.S. at 356-57.[7] The determination of whether a judge's actions are judicial or nonjudicial in nature, and thus, whether the judge is immune from suit, is a question of law for the Court. *Leslie v. Mortg. Elec. Registration Sys., Inc.*, No. 3:05-cv-1725, 2006 WL 1980305, at *4 (D. Conn. July 12, 2006) (citing *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990)). That determination is made by consideration of the nature and function of the act; for example, whether the act is one ordinarily performed by a judge. *See id.; see also Mireles*, 502 U.S. at 13.

Viola's allegations clearly refer only to judicial actions taken by Judge Bryant. He alleges that Judge Bryant denied a discovery motion and a recusal motion and then dismissed his § 2255 petition. In each of these actions, Judge Bryant performed inherently judicial functions. *See Leslie*, 2006 WL 1980305, at *5 (finding the act of issuing a memorandum denying the plaintiff's motion to be judicial and protected from suit). Thus, Judge Bryant is immune from this suit. Viola's general allegations of bias and conspiracy do not alter her immunity or this Court's analysis. *See Mireles*, 502 U.S. at 11; *Dorman*, 821 F.2d at 139.

In addition, it is not absolutely clear from the complaint as to whether Viola has sued Judge Bryant in her official capacity. Such a suit against a federal governmental official would be a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To the extent that Viola has asserted any official capacity claims under *Bivens*, the United States is immune from such a suit as a sovereign. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States has not waived its sovereign immunity for constitutional torts. *See Bivens*, 403 U.S. at 410; *see also McQuay v. Pelkey*, No. 3:16-cv-436, 2017 WL 2174403, at *2 (D. Conn. May 17, 2017) (citing

---

[7] None of Viola's allegations support that there could be any finding of an absence of jurisdiction applicable to his criminal proceedings. Thus, such an exception is inapplicable to this action.

7

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) and *Wright v. Condit*, No. 13-CV-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015)). Thus, to the extent such claims are alleged, they are barred by the doctrine of sovereign immunity.

In conclusion, any *Bivens* claims asserted by Viola are barred by judicial immunity or sovereign immunity. If Viola believed that Judge Bryant had acted in error, maliciously, or improperly, his remedies were to appeal the allegedly erroneous rulings or to file a complaint under 28 U.S.C. § 351. Although Viola may feel wronged by this decision, "absolute judicial immunity from damages suits is essential in order that judges may perform their judicial work impartially and without any fear of retribution from disappointed litigants." *See McCulley*, 390 F. Supp. 2d at 130 (citing *Mireles*, 502 U.S. at 10). Viola's complaint must be dismissed because it fails to state any claims against defendants not immune from suit, and asserts only claims which must be characterized as "frivolous" under governing law. *See* 28 U.S.C. § 1915A(b)(1),(2).

### B. *Heck* Barred Claims

Even if the plaintiff's claim were cognizable, Viola's claims are entirely barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, if a determination favorable to the plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence," then the plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover any damages. 512 U.S. at 486-87.

It is well established that *Heck* also applies to *Bivens* actions. *Tavarez,* 54 F.3d at 110 ("Given the similarity between suits under § 1983 and *Bivens*, we conclude that *Heck* should apply to *Bivens* actions as well." (citing *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (per curiam))).

8

Courts have repeatedly held that claims of judicial misconduct can be barred by *Heck*. *See, e.g., Collin v. Conn. Judicial Branch*, No. 16-cv-1390, 2016 WL 6304434, at *5 (D. Conn. Oct. 26, 2016) (holding that a plaintiff cannot seek damages for judicial misconduct claims); *Abraham v. N.Y.C. Police Dep't*, No. 15-CV-5208, 2016 WL 3181125, at *4 (E.D.N.Y. June 3, 2016) (holding that claims of judicial and prosecutorial bias and misconduct were barred by *Heck*); *Godwin v. Reeves*, No. 1:14-cv-00572, 2014 WL 1757209, at *3 (E.D. Cal. May 1, 2014) ("It appears success on Plaintiff's judicial misconduct claim would impact the fact or duration of his confinement and be Heck barred.").

Viola contends that Judge Bryant denied his motions, refused to recuse herself and dismissed his petition. Viola argues that Judge Bryant was biased against him and would do nothing that might discredit his attorney's performance. However, Viola was convicted, sentenced and is currently incarcerated. His direct appeals were denied and his habeas petition was dismissed by Judge Bryant. He has not put forth any allegations that demonstrate that his conviction or sentence has been invalidated in any of the ways set forth in *Heck*. *See Abraham*, 2016 WL 3181125, at *4. If the Court were to rule in Viola's favor, the validity of his sentence would most certainly be called into question. *See Godwin*, 2014 WL 1757209 at *2-3 (holding that *Heck* barred claims in similar circumstances). Accordingly, Viola's claims are also barred by the Supreme Court's decision in *Heck*.

## IV. CONCLUSION

In sum, the court finds Viola's complaint is frivolous, fails to state any claim to which he is entitled to relief, and seeks monetary relief against a defendant is who immune from such liability. Consequently, Viola's complaint [Doc. 1] is subject to dismissal under 28 U.S.C. § 1915A(b)(1) and

9

(2). Because Viola cannot amend his *pro se* complaint to overcome the infirmities in his complaint, the Court also finds that the dismissal of Viola's action must be with prejudice.

In accordance with the foregoing analysis, the complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and (2). The Clerk is directed to enter judgment and close this case.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut
June 21, 2017**

    */s/ Charles S. Haight, Jr.*
**CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE**